UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADAN Q.C., | Case No. 26-CV-0350 (PJS/SGE) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary of Homeland Security; TODD M. LYONS, Acting Director of U.S. Immigration & Customs Enforcement; PETER BERG, Field Office Director for Enforcement and Removal Operations; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY; SIRCE OWEN, Acting Director of Executive Office of Immigration Review; EXECUTIVE OFFICE OF IMMIGRATION REVIEW; JOHN DOE, Local Detention Authority, | |
| Respondents. | |

---

Nicholas Ratkowski, RATKOWSKI LAW PLLC, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Adan Q.C.'s petition for a writ of habeas corpus.[1]  Adan, a citizen of Mexico, entered the United States without inspection

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

in the early 2000s.  V. Pet. ¶¶ 33–34.  Immigration and Customs Enforcement ("ICE") took Adan into custody outside of his home on January 15, 2026.  V. Pet. ¶ 35.

Respondents take the position that Adan is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Adan filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While Respondents' argument to the contrary has some has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Adan, who entered without inspection and are already present and

living in the United States.[2]  The Court therefore holds that Adan is not subject to mandatory detention under § 1225(b)(2).

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  Adan alleged in his petition that his arrest was warrantless, *e.g.*, V. Pet. ¶ 80, and respondents have not argued otherwise or presented evidence to the contrary.  The Court will therefore grant Adan's petition and order his release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

4. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 4.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 19, 2026

                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court